UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ALEXIS THOMPSON

        Plaintiff,

V.                          CIVIL ACTION NO


JEFFERY L. FRIEDMAN


Defendant.                 JULY 17, 2014


## COMPLAINT

Plaintiff sues Defendant which is doing business in Maryland and alleges:

## I. PRELIMINARY STATEMENT

1. This is an action brought pursuant to 15 U.S.C. § 1692, *et sequi,* known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

## Ill. ALLEGATIONS AS TO PARTIES

3. Plaintiff is a resident of Baltimore, Maryland.

4. At all times material hereto, Defendant regularly collects consumer debt for HK Insurance Services, Inc. aka Fred W. Frank Bail Bonds.

5. At all times material hereto, Defendant was doing business in Maryland.

6. At all times material hereto, Defendant, has with a principal place of business at 100 Owings Court, Unit 4, Reisterstown, MD 21136.

7. Defendant is or was engaged in the collection of debts from consumers using

the mail and telephone. Defendant regularly attempted to collect consumer debts alleged to be

due to another in the State of Maryland.

## IV. FACTUAL ALLEGATIONS

8.  Defendant is a debt collector for HK Insurance Services, Inc. aka Fred Frank Bail

Bondman and regularly collected or attempted to collect monies from consumers for delinquent

or alleged delinquent personal debt. See Exhibit "1".

9. On or about March 20, 2014, Defendant communicated with the Plaintiff for the

purpose of collecting monies for an alleged delinquent bail bonds debt owed by Tahil Yasin.

## V. DEFENDANTS' PRACTICES

10.  It is or was the policy and practice of Defendant to communicate with Maryland

consumers in a manner which was reasonably calculated to confuse or frustrate, or mislead MD

consumers in violation of the FDCPA 15 U.S.C. §1692e.

11.  Defendant communicated with the Plaintiff and attempted to collect this alleged debt.

12.  Plaintiff was sued by defendant on a debt that she never signed and charged attorney

fees pursuant to that contract of 20% .

13.  Maryland Credit Regulations provide that the maximum charge allowed by law is

15%.

14.  Defendant charged Plaintiff in excess of the provisions of Md. Commercial Law

Code Ann. § 12-307.1 (2014).     *See* Exhibit 1.

## VI. ALLEGATIONS OF LAW

### A. General

15. At all times material hereto, plaintiff was a "consumer" as said term is

defined under 15 U.S.C. §1692a (3).

16. At all times material hereto, "HK Insurance Services, Inc. aka Fred Frank Bail

Bondman", represented by Defendant was a "creditor" as said term is defined under 15 U.S.C.

§1692a (4).

17.   At all times material hereto, the amount purportedly owed to "HK Insurance Services, Inc. aka Fred Frank Bail Bondman" represented by Defendant was a "debt" as said term is defined under 15 U.S.C. §1692a (5).

**A. Unlawful Claim**

18. With respect to the attempt by Defendant to collect the alleged debt as more particularly described above, the conduct of Defendant violated the FDCPA, including but not limited to:

a. The use of false representations, deceptive or misleading representations or means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692e. More specifically Defendant violated 15 U.S.C. §1692e (2) (a):

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

 **(2)** The false representation of—

**(A)** the character, amount, or legal status of any debt.

b. The use of unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692f. More specifically Defendant violated 15 U.S.C. §1692f(1):

 "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

c.   See Md. Commercial Code Ann. § 12-307.1  (2014).

 "Collection of certain fees -- Attorney's fees and court costs"

 (a) Lender may collect court costs and attorney's fees from borrower. -- On any loan with an

original principal balance of more than $ 2,000, if a borrower defaults under the terms of a

loan and the lender refers the borrower's account for collection to an attorney who is not a

salaried employee of the lender, and if the note, contract, or other evidence of the loan

permits, the lender may charge and collect from the borrower court costs and attorney's fees

not exceeding 15 percent of the amount due and payable under the terms of the loan.

In violation of 15 U.S.C. §1692f.

     19.  As a result of Defendant's' conduct, Plaintiff is entitled to an award

of actual and statutory damages pursuant to 15 U.S.C. §1692k.

     20.  Plaintiff is entitled to an award of costs and attorneys fees pursuant

to 15 U.S.C. § 1692k.

**WHEREFORE, Plaintiff, an individual, requests judgment be entered in her favor against Defendant for:**

1.     Actual and statutory damages pursuant to 15 U.S.C. §1692k;

2.     An award of costs and attorney's fees pursuant to 15 U.S.C. § 1692k; and

3.     Such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

THE PLAINTIFF

BY/S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
163 Mitchells Chance Road, #244
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 440-6372
Fed. Bar # Md26843
bernardtkennedy@yahoo.com